```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| CHARLES M. WORKMAN, et al., | ) | |
| Plaintiffs, | ) ) | Civil Case No. |
| v. | ) ) | 5:20-cv-396-JMH |
| | ) | **MEMORANDUM** |
| TEXAS EASTERN TRANSMISSION, LP, et al., | ) ) ) | **OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*

This matter comes before the Court on Defendant NDT Global LLC's ("NDT Global") Motion to Dismiss [DE 9] pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for alleged lack of personal jurisdiction and failure to state a claim upon which relief can be granted. In addition to NDT Global's request for relief, Plaintiffs move the Court to add Michael B. Clem, a Kentucky citizen, as a Defendant pursuant to Federal Rules of Civil Procedure 19 and 20 and remand this case to the Lincoln Circuit Court. [DE 10]. The Court will deny NDT Global's Motion to Dismiss [DE 9] without prejudice and deny Plaintiffs' Motion to Remand to State Court [DE 10] with prejudice.

## I. DISCUSSION

This case arises from an August 1, 2019, pipeline explosion. Plaintiffs filed their Complaint [DE 1-1, at 6-32] on July 31, 2020, in the Lincoln Circuit Court, against Defendants Texas

Eastern Transmission, LP ("TETLP"), Spectra Energy Operating Company, LLC, Spectra Energy Transmission Resources, LLC, Spectra Energy Transmission Services, LLC, Spectra Energy Corp., Enbridge (U.S.) Inc., NDT Systems & Services (America), Inc., NDT Systems and Services LLC, NDT Global LLC, and Unknown Danville Compressor Station Operator ("the Operator"). However, on September 24, 2020, TETLP filed a Notice of Removal [DE 1] in this Court arguing the Operator was fraudulently joined to destroy diversity. Aside from Plaintiffs and the Operator, no other party is alleged to be a Kentucky resident or citizen, to be incorporated in Kentucky, or to have a principal place of business in Kentucky, so the joinder question is crucial to the determination of whether complete diversity exists to give this Court jurisdiction over this matter.

### A. MOTION TO DISMISS

The Court agrees with Plaintiffs and Defendants TETLP, Spectra Energy Operating Company, LLC, Spectra Energy Transmission Resources, LLC, Spectra Energy Transmission Services, LLC, Spectra Energy Corp., Enbridge (U.S.) Inc. (collectively the "TETLP Defendants"), *see* [DE 11; DE 12], that NDT Global's Motion to Dismiss [DE 9] was filed prematurely and will, therefore, be denied without prejudice. *See Allen v. Ferguson*, 791 F.2d 611, 614-16 (7th Cir. 1986) (finding that a district court erred in deciding a defendant's motion to dismiss for want of personal jurisdiction before determining whether complete diversity existed); *Walker v.*

2

*Philip Morris USA, Inc.*, 443 F. App'x 946 (6th Cir. 2011) (finding that in denying the plaintiffs' motion to remand to state court and granting the defendants' motions to dismiss, the district court had, in essence, decided there were no genuine issues of material fact prior to the parties participating in discovery). If the Court were to decide that complete diversity does not exist, it would lack subject matter jurisdiction to address the merits of Plaintiffs' claim under Rule 12(b)(6). *See Walker*, 443 F. App'x at 956 ("Because there was no fraudulent joinder, there was no diversity. Thus, the district court lacked subject matter jurisdiction to address the merits of Plaintiffs' claim."). NDT Global utilizes an attached Affidavit [DE 9-1] from its Vice President, Thomas Redlinger, to attempt to show that NDT Global has never owned, controlled, operated, supervised, or maintained any natural gas pipeline in Kentucky, including the pipeline that is presently at issue, as Plaintiffs allege. *See* [DE 9]. However, as Plaintiffs correctly assert, discovery is needed before NDT Global's arguments regarding its connection, or lack thereof, to the pipeline can be proved or disproved. [DE 11, at 4]; *see also Walker*, 443 F. App'x at 956 ("In rejecting Plaintiffs' evidence as insufficient to overcome the Kentucky Defendants' affidavits, the court . . . inquired whether Plaintiffs had adequate evidentiary support for their claim, the traditional Rule 56 inquiry. But Rule 56 motions for summary judgment are decided after discovery, not

3

shortly after filing."). While the TETLP Defendants "believe that complete diversity exists in this case," they "echo Plaintiffs' objection that the parties have not had the opportunity to explore the assertions in NDT Global's Motion to Dismiss." [DE 12, at 2]. For the forgoing reasons, the Court will deny NDT Global's Motion to Dismiss [DE 9] without prejudice and consider Plaintiffs' Motion to Remand [DE 10].

### B. MOTION TO REMAND

Plaintiffs argue that the Court should add Michael B. Clem, a Kentucky citizen, as a Defendant pursuant to Federal Rules of Civil Procedure 19 and 20 and remand this case to the Lincoln Circuit Court. Federal courts have limited jurisdiction. *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983). If there are any doubts as to whether federal jurisdiction exists, the decision should be construed in favor of remanding the matter to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted); *Allen v. Frasure Creek Mining Co.*, Civil No: 12-110-GFVT, 2012 WL 12924816, at *1 (E.D. Ky. Sept. 19, 2012). In determining whether to remand a case to state court, courts must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

"A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction." *Allen*, 2012 WL 12924816, at *1 (citing 28 U.S.C. §§ 1441, 1446). District courts have original diversity jurisdiction over all civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that "'all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation.'" *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (citations omitted); *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). The burden of establishing the right to removal is on the removing party. *See Coyne*, 183 F.3d at 493. "Section 1441 provides that 'the citizenship of defendants sued under fictitious names shall be disregarded,' 28 U.S.C. § 1441(a), unless the ''complaint provide[s] a description of a fictitious defendant in such a way that his identity could not be reasonably questioned.''" *Allen*, 2012 WL 12924816, at *2 (quoting *Harrison v. Allstate Indem. Co.*, 2012 WL 1029437, at * 2 (E.D. Ky. 2012) (quoting *Musial*, 2008 WL 2559300, at *3)).

Here, Plaintiffs' description of the Operator is such that the individual's identity can be reasonably questioned. The Operator may have closed the valve the day of the explosion, but

5

it is also possible that other personnel may have closed the valve. Plaintiffs' own Complaint [DE 1-1, at 6-32] specifies, "Personnel at the Danville, Kentucky compressor station, including but not limited to the Unknown Danville Compressor Station Operator, eventually closed the Pipeline discharge valve north of the failure site, and other personnel later closed a valve elsewhere on the line." [DE 1-1, at 14]. The fact that the person who closed the valve could have been the Operator or other personnel at the Danville Compressor Station, allegedly including Clem, leaves the identity of the fictitious Operator too ambiguous for purposes of diversity jurisdiction.

Moreover, while it might be reasonable to infer that a TETLP employee who works in a central Kentucky city, like Danville, is a resident of Kentucky, Section 1441(a) requires a strict interpretation, so the Operator must be disregarded for purposes of diversity jurisdiction. *See Allen*, 2012 WL 12924816, at *2 (citing *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948 (6th Cir. 1994); *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) ("Although asserting that the employees are residents of Kentucky might be a reasonable inference to draw from the facts included in the complaint, Section 1441(a) compels strict interpretation and consequently the unknown agents shall be disregarded for purposes of diversity jurisdiction.")). The Court cannot presume that someone working on a jobsite in Kentucky on

6

one specific day is a resident and citizen of Kentucky. Therefore, the Court will not consider the Operator when making its determination on diversity jurisdiction. Instead, the Court turns its attention to Clem, whose inclusion in this matter would result in a lack of complete diversity necessitating a remand to Lincoln Circuit Court.

### 1. FRAUDULENT JOINDER

The TETLP Defendants argue Plaintiffs' request for the Court to add Clem as a Defendant and remand this matter to Lincoln Circuit Court must be denied because "despite statements to the contrary in their Motion to Remand, Plaintiffs' Complaint does not contain any specific allegations against Michael B. Clem," and "Plaintiffs seek to 'add Michael B. Clem of Stanford Kentucky as a necessary party . . . to this action' in a further effort to destroy diversity." [DE 15, at 1]. For reasons stated previously herein, Plaintiffs' claims against the Operator have no bearing on the Court's determination of whether to remand this case, so the Court need not consider them.

"Congress allows the federal courts to exercise discretion in allowing amendments when the amendment would divest the court of jurisdiction through the joinder of additional parties." *Brandenburg v. Stanton Health Facilities, L.P.*, No. 5:14-183-DCR, 2014 WL 4956282, at *2 (E.D. Ky. Oct. 2, 2014) (citing 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional

7

defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *Collins ex rel Collins v. Nat'l General Ins. Co.,* No. 10-13344, 2010 WL 4259949 (E.D. Mich. Oct. 25, 2010)).

The Court will consider the following *Hengsgens* factors to determine whether joinder is appropriate:

> (i) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (ii) whether the plaintiff has been dilatory in seeking amendment; (iii) whether the plaintiff will be significantly injured if amendment is not allowed; and (iv) any other equitable factors.

*Brandenburg*, 2014 WL 4956282, at *2 (quoting *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987)). "The first factor is often of 'paramount importance' because the ultimate question is whether the primary purpose of the proposed joinder is to divest the federal forum of jurisdiction." *Id*. (citations omitted).

Despite the first factor being of "paramount importance," Plaintiffs do not treat it as such, as exhibited by Plaintiffs' assertion that they "have not yet had the opportunity to add Mr. Clem as a defendant to the suit having only just learned of his identity' and their request to add him as a Defendant under Rules 19 and 20, which conflict with the following untrue statement made by Plaintiffs:

> [T]his Court also should remand the above-styled Complaint to the Lincoln Circuit Court for adjudication.

8

> The Plaintiff has a colorable claim of negligence against Defendant, Michael B. Clem, who is a resident of Lincoln County, Kentucky. The Plaintiff *pled* Defendant, Michael B. Clem committed "negligent, grossly negligent, wanton and/or reckless actions of said Defendant(s) that contributed to the injuries and damages sustained by the Plaintiff herein."

[DE 10-1, at 2, 4 (emphasis added)]. Plaintiffs then continue to discuss what they pleaded against Clem. *See* [DE 10-1]. However, Plaintiffs did not actually plead anything against Clem because they neither included him in their Complaint [DE 1-1, at 6-32] nor filed an amended complaint adding him as a Defendant. Indeed, the purported purpose of Plaintiffs' Motion to Remand [DE 10] is to add Clem as a Defendant, but based on Plaintiffs' Motion to Remand [DE 10], it appears the only reason Plaintiffs seek to add Clem is to defeat diversity jurisdiction.

Plaintiffs are unclear about whether Clem was allegedly the previously unknown Operator found in the Complaint [DE 1-1, at 6-32], as they claim [DE 10-1, at 2-3], which they attempt to clear up in their Reply [DE 16], which also includes an attached proposed amended complaint to correct what they refer to as "easily correctible error" in not attaching it to their Motion to Remand [DE 10]. Plaintiffs' attempts at correcting errors aside, the Court is more concerned with Plaintiffs previously mentioned untrue statements found in their Motion to Remand [DE 10], which the fail to explain in their Reply [DE 16]. However, the Court does not need an explanation because it is painfully obvious that

9

Plaintiffs' counsel has copied and pasted language from another case involving similar claims against Defendants where Clem was included as a defendant in either a complaint or an amended complaint. Such carelessness is both unprofessional and a waste of Defendants and the Court's time. It is also a disservice to the Plaintiffs themselves. If Plaintiffs' counsel files anything else before this Court in the present case or any other case, counsel shall ensure the accuracy of their filings and their applicability to the matter at hand. Failure to do so may result in the Court ordering counsel to show cause why they should not be sanctioned. Considering Plaintiffs' egregious error, the Court will not consider the remaining factors to determine whether joinder is appropriate and will instead use its discretion to deny Plaintiffs' request to join Clem as a Defendant and deny Plaintiffs' Motion to Remand [DE 10-1] in its entirety because complete diversity exists.

## II. CONCLUSION

The Court, having considered the matters fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Defendant NDT Global LLC's Motion to Dismiss [DE 9] is **DENIED WITHOUT PREJUDICE;** and

(2) Plaintiffs' Motion to Remand to State Court [DE 10] is **DENIED WITH PREJUDICE.**

This 19th day of July, 2021.

10



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge